UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COLLEEN STOCZYNSKI, and
ROBERT STOCZYNSKI,

                      Plaintiffs,
     v.                                                **REPORT**
                                                            and
VERIZON COMMUNICATIONS, INC.                **RECOMMENDATION**

                      Defendant.                        **04-CV-864A(F)**
_____

APPEARANCES:                  ZDARSKY, SAWICKI & AGOSTINELLI
                                    Attorneys for Plaintiffs Colleen and Robert Stoczynski
                                    GERALD T. WALSH, of Counsel.
                                    404 Cathedral Place
                                    298 Main Street
                                    Buffalo, New York 14202

                                    PHILLIPS LYTLE, LLP
                                    Attorneys for Defendant
                                    PAUL K. STECKER, of Counsel
                                    3400 HSBC Center
                                    Buffalo, New York 14203

                                    WENDY C. BUTLER, ESQ.
                                    Attorney for Defendant
                                    222 East 41st Street
                                    New York, New York 10017-6702

**JURISDICTION**

      This case was referred to the undersigned by the Honorable Richard J. Arcara on January 6, 2005 for report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss Count IV of the Complaint (Doc. No. 6), filed January 5, 2004.

**BACKGROUND**

Plaintiffs Colleen and Robert Stoczynski ("Plaintiffs") commenced this employment discrimination action against Defendant, Verizon Communication, Inc. ("Verizon") on October 22, 2004.  Specifically, Plaintiff Colleen Stoczynski ("Stoczynski") alleges that while employed as a Field Technician with Verizon, she has been subjected to a continuous pattern of sexual harassment by co-workers, and that her complaints to management regarding the alleged harassment have been futile.  Plaintiff asserts four causes of action including sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("First Claim for Relief"), and the New York Human Rights Law, Executive Law §296 ("HRL") ("Second Claim for Relief"); Defendant employer Verizon breached its duty to safeguard employees from known hazards which may cause serious injury or death in violation of the General Duty Clause of the federal Occupational Safety and Health Act ("OSHA") ("Third Claim for Relief"); and a derivative loss of consortium claim on behalf of Robert Stoczynski ("Mr. Stoczynski") ("Fourth Claim for Relief").

On January 5, 2005, Defendant Verizon filed a motion to dismiss for failure to state a claim the Third and Fourth Claims for Relief (Doc. No. 6) ("the Motion"), a Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 7) ("Defendant's Memorandum").  Plaintiffs filed on February 18, 2005, Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss (Doc. No. 11)[1] ("Plaintiffs' Memorandum"), in which Plaintiffs advise that the Third Claim for Relief was being withdrawn.  On March 4, 2005, Verizon filed Defendant Verizon Communications

---

[1] An electronic filing error required Plaintiffs' Memorandum be refiled and, accordingly, Plaintiffs' Memorandum was refiled on February 22, 2005 (Doc. No. 12).

Inc.'s Reply in Further Support of its Motion to Dismiss (Doc. No. 13) ("Defendant's Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss should be GRANTED.

## FACTS [2]

Colleen Stoczynski, has been employed by Verizon since January 22, 1979, most recently as the only female Field Technician in her division. In support of the sex-based employment discrimination claims, Stoczynski alleges that Verizon's management favored male employees regarding seniority privileges, assignments and overtime, that she was subjected to verbal abuse by male colleagues, including management and co-workers who made inappropriate comments of a sexually explicit nature, subjected her to graffiti of a sexual nature, and defecated in Stoczynski's work area on several occasions. Stoczynski maintains that when she complained to management about such abuse, was advised not to cause trouble by pursuing the matter and the male co-employees were never reprimanded by management for such remarks. Stoczynski alleges she was denied assistance and information necessary to perform her job because of her gender. Stoczynski maintains that her complaints to management caused her to be transferred to a "remote facility" Complaint ¶ 3, in retaliation.

Stoczynski repeatedly attempted to end the alleged sexual harassment through Verizon's management and Employee Assistance Program ("EAP"). Such attempts,

---

[2] Taken from the pleadings and motion papers filed in this action.

however, were unsuccessful.  In August 2001, following an alleged assault by a co-worker on July 30, 2001, Stoczynski was referred by her personal physician for psychiatric help, and was diagnosed with post-traumatic stress syndrome for which Stoczynski was prescribed anti-depressants, anxiety medications and relaxants to help her sleep, and ordered to take a disability leave from work.  Upon returning to work on December 22, 2001, the alleged harassment resumed, triggering Stoczynski's post-traumatic stress syndrome for which Stoczynski, on August 6, 2003, took a second disability leave from work.  When Stoczynski returned to work in April 2004, the sexual harassment resumed and a male co-worker used the truck assigned to Stoczynski from which her personal items and company tools were later found missing.  Stoczynski maintains that the sexual harassment continues to date.

## DISCUSSION

Verizon seeks to dismiss the Fourth Claim for Relief asserting a derivative loss of consortium claim on behalf of Mr. Stoczynski failure to state a claim for which relief can be granted.  In particular, Verizon maintains that neither Title VII nor New York HRL can serve as the basis for a derivative loss of consortium claim because spouses of individuals alleging employment discrimination claims are not within the class of persons Title VII and New York HRL are intended to protect.  Defendant's Memorandum at 6-7 (citing cases).  Plaintiffs argue in opposition to dismissal that such derivative claims have been permitted where premised on a hostile work environment claim, and attempts to characterize as *dicta* the holdings in the cases Verizon cites in support of dismissal.  Plaintiffs' Memorandum at 4-7.  Verizon, in further support of the motion,

maintains Plaintiffs' argument in opposition is a "red-herring."  Defendant's Reply at 3.

On a motion to dismiss, the court looks to the four corners of the complaint and is required to accept a plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 189 (1984); Dacey v. New York County Lawyers' Association, 423 F.2d 188, 191 (2d Cir. 1969), cert. denied, 398 U.S. 929 (1970).  The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir.1985).  The court is required to "read the complaint with great generosity on a motion to dismiss."  See Yoder v. Orthomolecular Nutrition Institute, 751 F.2d 555, 558 (2d Cir. 1985).

Mr. Stoczynski's loss of consortium claim is derivative of Stoczynski's first three claims for relief.  Murphy v. Cadillac Rubber & Plastics, Inc., 946 F.Supp. 1108, 1124-125 (W.D.N.Y. 1996) ("Loss of consortium is not, in and of itself, a basis for a claim, but is derivative of a tort cause of action") (citing Millington v. Southeastern Elevator Co., 239 N.E.2d 897 (N.Y. 1968).  As such, the consortium claim cannot proceed based on the Third Claim for Relief, which has been withdrawn.  See Gerzog v. London Fog Corp., 907 F.Supp. 590, 605 (E.D.N.Y. 1995) ("where the injured spouse's underlying claims are dismissed, the claim for loss of consortium must similarly be dismissed").  Rather, the loss of consortium claim proceed only if derivative of the remaining First and Second Claim for Relief alleging violations of Title VII and New York HRL.

It is established within the Second Circuit, however, that a consortium claim can

not be predicated on either a Title VII or New York HRL claim. *Moss v. Stinnes Corp.*, 169 F.3d 784, 785 (2d Cir. 1999) (holding the HRL statute does not provide for loss of consortium claims); *Santiago v. Newburgh Enlarged City School District*, 434 F.Supp.2d 193, 198 (S.D.N.Y. 2006) (considering as "well settled" that neither Title VII nor New York HRL "can serve as the basis for a derivative claim for loss of consortium."); *Murphy*, *supra*, at 1125 (holding neither Title VII nor New York HRL provides a basis for a derivative loss of consortium claim). A plain reading of these cases establishes that the determinations that neither Title VII nor New York HRL can support a derivative loss of consortium claim is the holding and not, as Plaintiffs suggest, mere *dicta*. Nor may, as Plaintiffs argue, a loss of consortium claim be maintained derivative of a Title VII or New York HRL employment discrimination claim based on an alleged hostile work environment. *See O'Gorman v. Holland*, 2000 WL 134514 at *3 (S.D.N.Y. Feb. 3 2000); *Bush v. Raymond Corp., Inc.*, 1996 WL 732558 at *2 (N.D.N.Y. 1996).

As neither the First nor Second Claim for Relief can support the derivative loss of consortium claim, the Fourth Claim for Relief should be DISMISSED for failure to state a claim.

## CONCLUSION

Based on the foregoing discussion, Defendant's motion to dismiss the Fourth Claim for Relief (Doc. No. 6) should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 28, 2006
      Buffalo, New York

6

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 30(a).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to counsel for Plaintiff and Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 28, 2006
            Buffalo, New York

Plaintiffs contend the cases upon which Defendant relies to support his motion to dismiss Robert Stoczynski's loss of consortium claim are inapposite, stating courts have dismissed the derivative action because "the underlying action failed or the spouse was deemed not to be an aggrieved person under the statute." Plaintiff's Memorandum at 4. Plaintiffs further contend the cases they cite "do not preclude a common law consortium claim, particularly with respect to a hostile environment claim." *Id.* Alternatively, Plaintiffs allege Robert Stoczynski asserts his loss of consortium claim as a derivative claim under New York common law, not as a statutory claim under Title VII. However, the court has found no caselaw to support Plaintiffs' contention that a common law loss of consortium claim may exist. The law clearly states that a loss of consortium claim may be maintained if it derived from a spouse's common law claim or permitted by statute. *Mohammed v. Marriott Int'l, Inc.,* 905 F.Supp. 141, 158-159 (S.D.N.Y. 1995). Here, Colleen Stoczynski withdrew her common law cause of action, Count III, and the Title VII and the HRL statutes do not support a derivative cause of action for loss of consortium. *Id.* As such, Stoczynski's loss of consortium claim dressed a derivative claim under New York common law must fail.³

Plaintiff further contends the holdings in *Mehtani v. New York Life Ins. Co.,* 537 N.Y.S.2d 800 (1st Dep't. 1989) and *Hart v. Sullivan,* 445 N.Y.S.2d 40, 41 (3d Dep't. 1981), upon which Defendant relies are *dicta* and therefore Defendant's reliance is misplaced. Specifically, Plaintiff asserts the loss of consortium claim in *Mehtani* failed because the spouse's underlying claims were dismissed and defendant's alleged conduct occurred before the parties were married, and the claim in *Hart* failed because the spouse's cause of action was dismissed. Plaintiff's Memorandum at 5. Plaintiffs also contend the cases Defendant relies upon do not analyze the derivative claim's failure based on the statutory claim under federal or New York law. *Id.* Initially, the court agrees with Defendant's observation that such analysis is not necessary to validate a court's holding. In fact, there are times where a case is one of first impression and there is no governing caselaw on the subject. In such cases, the court must act independently and provide its own basis for the holding. The court, therefore, finds Plaintiff's argument that the cases relied upon by Defendant are inadequate because they somehow fail to explain the rationale behind the holding in the case unpersuasive.

Plaintiffs' challenge to Defendant's interpretation of *Mehtani* and *Hart, supra,* is equally without merit. Although these courts may have relied on factors not present in this case as bases for dismissing the derivative claims, the cases clearly found a loss of consortium claim is not permitted under the HRL. *Methani,* 537 N.Y.S.2d at 804 (quoting *Belanoff v. Grayson,* 471 N.Y.S.2d 91 (1st Dep't. 1984) ("the spouse of an employee alleging discrimination under the Executive Law is not a 'person aggrieved' within the meaning of the statute and a cause of action for loss of consortium cannot be stated under the Executive Law [citations omitted]")); *Hart,* 445 N.Y.S.2d at 41.

Finally, Plaintiffs contend the New York Court of Appeals does not address "whether a loss of consortium claim cannot be derived from a spouse's claim under the

---

³ As Defendant points out, loss of consortium claims derived from hostile work environment claims under the HRL and Title VII have also been prohibited by courts. Defendant's Memorandum at 5 (citing *O'Gorman v. Holland,* 2000 WL 134514 at *3 (S.D.N.Y. 2000); *Bush v. Raymond Corp., Inc.,* 1996 WL 732558 at *2 (N.D.N.Y. 1996)).

New York Human Rights Law." Plaintiffs' Memorandum at 6. "In *Mohamed,* the court only addressed the issue of whether a spouse of an employee alleging discrimination under Executive Law § 296 is a person aggrieved within the meaning of the statute, not whether a separate common law cause of action for loss of consortium claim can be stated." *Id.* However, Plaintiffs offer no caselaw allowing for a separate common law cause of action for loss of consortium here, nor does the court's research reveal any. Further, assuming the New York Court of Appeals has not addressed this issue,

> New York appellate courts have . . . addressed the issue and found that the spouse of an employee alleging discrimination is not a "person aggrieved" under the state HRL. Therefore, a spouse cannot state a cause of action for loss of consortium under the statute.

*Murphy, supra,* at 1125 (citing *Mohamed,* 905 F.Sup. at 159; *Mehtani,* 537 N.Y.S.2d at 804; *Belanoff,* 471 N.Y.S.2d at 94).

Further, *Mohamed* explains

> [w]here the high court of a state has not spoken, the best indicators of how it would decide are often the decisions of lower state courts . . . The Appellate Division has repeatedly held that "the spouse of an employee alleging discrimination Under the Executive Law is not a 'person aggrieved' within the meaning of the statute and a cause of action for loss of consortium cannot be stated under the Executive Law. (Internal citations omitted )

*Mohamed*, 905 F.Supp. at 159 (S.D.N.Y. 1995).

Additionally, it is well established that federal law does not permit derivative, loss of consortium claims based on primary Title VII or HRL claims. *Murphy,* 946 F.Supp. at 1125. As such, even if the Court of Appeals has not ruled on the issue, the court finds federal and state law, nevertheless, maintains a loss of consortium claim based on a spouse's Title VII or NY HRL cause of action is not permissible.

Accordingly, as Robert Stoczynski's loss of consortium claim (Count IV) is derivative of Plaintiff Colleen Stoczynski's remaining counts in the complaint (Counts I and II), which allege Title VII and HRL violations perpetrated by the Defendant, Defendant's motion to dismiss Count IV of the Complaint should be GRANTED.